FILED ___ LODGED
RECEIVED ___ COPY

OCT 3 1 2002

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jefferson Davis McGee, | ) | No. CIV-02-1702-PHX-MHM |
| | ) | **ORDER SETTING SCHEDULING** |
| Plaintiff, | ) | **CONFERENCE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Maricopa County, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Local Rule 2.12, this action is designated a **standard track** case. Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure a Scheduling Conference is set for **November 21, 2002** at **4:00 PM** in Courtroom #505, Sandra Day O'Connor United States Courthouse, 401 W. Washington Street, Phoenix, Arizona.

Counsel who will be responsible for trial of the lawsuit for each party shall personally appear and participate in the Scheduling Conference if they office in Maricopa County. All counsel who office outside Maricopa County must advise the Court three days prior to this Conference if they plan to participate by telephone, otherwise they will be expected to personally appear. Counsel and the parties are directed to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the conference. The attorney who will serve as

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13

principal trial counsel or who has the authority to act in this case, and has knowledge of all facets of it, must appear at the Conference.

**IT IS FURTHER ORDERED** that all parties are to conduct an initial **Case Management Meeting** at least **fourteen days** before the Scheduling Conference in accordance with Rule 26(f) of the Federal Rules of Civil Procedure to discuss:

1. Possibility of consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. §636(c); suitability for referral to this District's court-annexed voluntary arbitration program, to any other alternative dispute resolution mechanism, and/or reference to a master:

2. Any matters relating to jurisdiction, venue or joinder of additional parties;

3. The nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

4. Arrangements for Initial Disclosures in compliance with Rule 26(a)(1) of the Federal Rules of Civil Procedure. Unless otherwise stipulated in writing by the parties or otherwise directed by a written Order of this court, Initial Disclosures shall be made at the initial Rule 26(f) Case Management Meeting or within ten (10) days after the meeting;

5. Modification of pre-trial procedures due to the simplicity or complexity of the case;

6. A schedule of all pretrial proceedings, an estimate of the length of trial, and any suggestions for shortening the trial;

7. The subjects on which discovery may be needed, when discovery should be completed and whether discovery should be limited to or focused upon particular issues;

8. Whether any party desires a settlement conference before a judicial office, or to participate in any other alternative dispute forum; and

9.      Any other matters which counsel may feel will help dispose of the matter in an efficient and economical manner.

**IT IS FURTHER ORDERED** that at the Rule 26(f) Case Management Meeting. the parties shall develop a Proposed Case Management Plan and a Proposed Rule 16 Scheduling Order (sample attached).   The Proposed Case Management Plan shall include individually numbered brief statements indicating:

1.      The nature of the case, including the factual and legal basis of plaintiff's claims and defendant's defenses;

2.      A list of the elements of proof necessary for <u>each</u> count of the complaint and each affirmative defense.  Where the burden of proof shifts. each party shall list the elements of the claim or defense that the party must prove in order to prevail.  The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, U.S. Supreme Court case law, Ninth Circuit Court of Appeals case law, Arizona state case and statutory law, or other authority as dictated by conflicts of law rules);

3.      The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

4.      The jurisdictional basis of the case, citing specific statutes:

5.      Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance.  Unless counsel can otherwise show cause, a proposed form of order shall accompany the joint Case Management Plan which dismisses any party which has not been served, or seeks default judgment on any non-appearing party;

6.      Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions and hearings;

- 3 -

7.    Whether the case is suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge for all further proceedings;

8.    The status of related cases pending before other judges of this Court or before other courts;

9.    Suggested changes, if necessary, in the timing, form, or requirement for disclosures under Rule 26(a), Federal Rules of Civil Procedure, including a statement of when Initial Disclosures were made or will be made;

10.   Proposed deadlines for:

(a)   filing motions to amend pleadings and motions to join additional parties;

(b)   discovery;

(c)   filing dispositive motions;

(d)   disclosure of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

All deadlines must be included in the Proposed Case Management Plan.  If counsel cannot agree on deadlines, separate orders may be submitted for discussion at the Scheduling Conference.

11.   The scope of discovery and whether discovery should be limited to or focused upon particular issues.  For example, where dispositive motions will be filed (e.g., motions for summary judgment or a defense relying on the statute of limitations) counsel should consider limiting discovery to the issue at hand until the court has ruled on the motion;

12.   Estimated length of trial, and any suggestions for shortening the trial;

13.   Whether a jury trial has been requested and whether the request for a jury trial is contested.  If the request for a jury trial is contested, the Proposed Case Management Plan shall set forth the reasons that a trial by jury is in dispute;

14. The prospects for settlement, including any request to have a settlement conference before another United States District Court Judge or Magistrate Judge, or other request of the court for assistance in settlement efforts;

15. In class actions, the proposed dates for class certification proceedings and other class management issues. Such certification will result in the case being reassigned to the complex track for case management purposes;

16. Whether any unusual, difficult, or complex problems or issues exist which would require that this case be placed on the complex track for case management purposes; and

17. Any other matters which counsel feel will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.

**IT IS FURTHER ORDERED** that counsel shall <u>jointly file</u> their Proposed Case Management Plan and their Proposed Scheduling Order with the Clerk of the Court **not less than seven (7) business days** before the **Scheduling Conference**. Absent extraordinary circumstances, no extensions of time will be granted.

**IT IS FURTHER ORDERED** that counsel for all parties are expected to comply with Rule 26 of the Federal Rules of Civil Procedure, and to minimize the expense of discovery.

**IT IS FURTHER ORDERED** that the Court  cautions the parties and their counsel that the deadlines set in the Rule 16 Scheduling Order shall be strictly enforced absent good cause shown.

**IT IS FURTHER ORDERED** that to satisfy the requirements of Federal Rule of Civil Procedure 26(a) the parties shall file with the Clerk of the Court a Notice of Initial Disclosure.  Copies of the disclosures shall <u>not</u> be filed.

**IT IS FURTHER ORDERED** that counsel review the requirements of Rules 1.9 and 1.10, Rules of Practice of the United States District Court for the District of

Arizona (2000), with their administrative/support personnel to ensure that all pleadings are in compliance with the rules. This court also encourages counsel and the parties to utilize fax notice, a service provided by the Clerk's office.

**IT IS FURTHER ORDERED** that this Court views the Scheduling Conference as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure. Failure to comply with every provision of this order may lead to sanctions pursuant to Federal Rule of Civil Procedure 16(f).

**IT IS FURTHER ORDERED** that the Clerk of the Court send copies of this Order to all counsel of record and to all parties, if any, appearing in propria persona.

DATED this 29th day of Oct., 2002.

_____

Mary H. Murguia
United States District Judge

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                       FOR THE DISTRICT OF ARIZONA
8
9   ,                                    )   No. - PHX-MHM
                                         )
10             Plaintiffs,               )   **RULE 16 SCHEDULING ORDER**
                                         )
11  vs.                                  )
                                         )
12  ,                                    )
                                         )
13             Defendant.                )
                                         )
14  _____     )
15
16         On **[date]**, a Scheduling Conference was held pursuant to Rule 16(b) of the Federal
    Rules of Civil Procedure.  Prior to the conference, the parties filed a Rule 26(f) Case
17  Management Plan and a Proposed Rule 16 Scheduling Order.  Pursuant to the terms of the
18  Case Management Plan, and the representations made by the parties at the Rule 16
19  Preliminary Pretrial Conference, all parties were ordered to comply with the deadlines
20  established in this Order.
21         **IT IS THEREFORE ORDERED:**
22  1.     That the current provisions of the Federal Rules of Civil Procedure shall apply to all
23         proceedings concerning this case.
24  2.     If the parties have not already done so, parties shall exchange Initial Disclosures as
25         defined in Federal Rule of Civil Procedure 26(a)no later than _____.
26
27
28

3.     Motions pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, motions to amend the complaint and motions to join additional parties shall be filed no later than _____.

4.     Plaintiff(s) shall disclose its (their) expert witnesses and reports no later than: _____; Defendant(s) shall disclose its (their) expert witnesses and reports no later than \_\_\_\_\_. Rebuttal experts if any, shall be disclosed no later than _____.

5.     All discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, supplements to interrogatories, requests for admissions and requests for production of documents must be completed by _____.

6.     Supplemental disclosures and discovery responses shall thereafter be made as required by Rule 26(e) of the Federal Rules of Civil Procedure. Interrogatories and depositions are limited to the number set forth in Local Rule 2.12(b)(4)(c). Parties are directed to Local Rule 1.10(j), which prohibits filing discovery motions unless the parties have first met to resolve any discovery difficulties. If parties cannot reach a resolution of discovery disputes they are directed to arrange a conference call with the Court to resolve the disputes. This Order contemplates that each party will conduct discovery in such a manner as to complete, within the deadline, any and all discovery indicated by the initial rounds of discovery. Discovery which cannot be timely responded to prior to the discovery deadlines will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

7.     All dispositive motions shall be filed no later than _____. Such motions must be, in all respects, in full compliance with the Rules of Practice of the United States District Court for the District of Arizona.

8.     All parties are specifically admonished that pursuant to Local Rule 1.10(i), "[i]f a motion does not conform in all substantial respects with the requirements of this Rule, or if the opposing party does not serve and file the required answering memoranda,

or if counsel for any party fails to appear at the time and place for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

9. Notwithstanding Rule 1.10(f)(1) of the Rules of Practice of the United States District Court for the District of Arizona, the parties shall not notice oral argument on any motion. Instead, a party desiring oral argument on a motion shall request argument by placing "Oral Argument Requested" immediately below the title of such motion, pursuant to Rule 1.10(f)(2) of the Rules of Practice of the United States District Court for the District of Arizona. The Court will then issue a minute order scheduling the oral argument.

10. The Court will set a status hearing upon resolution of all dispositive motions. In the event no dispositive motions are filed, the Court will set a status hearing upon the passing of the dispositive motion deadline. At the status hearing the parties should be prepared to discuss dates for the filing of the Joint Proposed Pretrial Order and all Motions in Limine. The Court will also set a Final Pretrial Conference and a firm trial date at the status hearing.

11. The parties shall keep the Court informed regarding the possibility of settlement and should settlement be reached, the parties shall immediately file a Notice of Settlement with the Clerk of the Court.

DATED this _____ day of _____, 2002.

_____
Mary H. Murguia
United States District Judge